UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GIOVANNI KOESE-ERIC CASPER,

    Petitioner,

                                      Civil Action No. 10-cv-12511

v.                                           HON. BERNARD A. FRIEDMAN

DAVID BERGH,

    Respondent.
_____/

**OPINION AND ORDER
DENYING THE HABEAS CORPUS PETITION,
DENYING A CERTIFICATE OF APPEALABILITY AND
GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Giovanni Koese-Eric Casper filed a *pro se* habeas corpus petition challenging his state convictions for first-degree murder and possession of a firearm during the commission of, or attempt to commit, a felony (felony firearm). Petitioner alleges that the prosecution proffered legally insufficient evidence of his guilt and that the trial court deprived him of a fair trial when it instructed the jury on the elements of murder. Respondent argues in an answer to the petition that there was sufficient evidence to support the jury's verdict and that petitioner waived review of his jury instruction claim. The Court finds no merit in petitioner's claims. Accordingly, the habeas petition is denied.

**I. BACKGROUND**

Petitioner was charged with murder and felony firearm. The charges arose from an altercation between petitioner and Kenneth Dear at the Fun Spot skating rink in Kentwood, Michigan on Sunday, November 12, 2006. Kenneth Dear was shot and killed after he attempted to

punch petitioner. Petitioner was tried before a jury in Kent County Circuit Court where the testimony:

> "established that defendant and Dear were from rival gangs and that both were present at the rink during a large social event. At some point during the evening, a fight broke out between members of the two gangs. After security broke that fight up, another fight erupted after defendant approached Dear. Testimony established that defendant was standing in front of Dear with his arm extended in Dear's direction when Dear suffered a single fatal gunshot wound to the chest."

*People v. Casper*, No. 280261, 2009 WL 131700, at *1 (Mich. Ct. App. Jan. 20, 2009). Petitioner did not testify or present any witnesses in his defense. At trial, petitioner maintained that nobody knew what happened during the brawl and that he was defending himself in a fist fight at the time Dear was shot.

On June 1, 2007, the jury found petitioner guilty of first-degree premeditated murder, MICH. COMP. LAWS § 750.316(1)(a), and felony- firearm, MICH. COMP. LAWS § 750.227b. The trial court sentenced petitioner to two years in prison for the felony firearm conviction, with credit for 226 days, and to a consecutive term of life imprisonment without the possibility of parole for the murder conviction.

Petitioner raised his habeas claims on direct appeal. The Michigan Court of Appeals affirmed his convictions in an unpublished, *per curiam* opinion, *see Casper*, 2009 WL 131700, and on June 23, 2009, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Casper*, 483 Mich. 1113 (2009).

On June 24, 2010, petitioner filed his *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. As already noted, he challenges the trial court's jury instructions and the sufficiency of the evidence.

## II. STANDARD OF REVIEW

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." *Harrington v. Richter*, 562 U.S. __, __, 131 S. Ct. 770, 783 (2011). Pursuant to § 2254, state prisoners are entitled to the writ of habeas corpus only if the state court's adjudication of their claims on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> "Under the 'contrary to' clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."

*Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). "[W]here factual findings are challenged, the habeas petitioner has the burden of rebutting, by clear and convincing evidence, the presumption that the state court's factual findings are correct." *Goodwin v. Johnson*, 632 F.3d 301, 308 (6th Cir. 2011) (citing 28 U.S.C. § 2254(e)(1); *Landrum v. Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010)).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."

*Richter*, 131 S. Ct. at 786. To obtain a writ of habeas corpus from a federal court, a petitioner must show that the state court's decision "was so lacking in justification" that it resulted in "an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786-787.

## III.  DISCUSSION

### A.  The Jury Instructions

Petitioner alleges that the trial court deprived him of a fair trial by instructing the jury that, if Kenneth Dear were shot in the chest with a gun, petitioner was the shooter. The Michigan Court of Appeals determined that petitioner waived appellate review of this issue when his trial attorney affirmatively approved the jury instructions. Petitioner claims that, to the extent his claim was waived by a failure to make a contemporaneous objection, trial counsel was ineffective. The Court finds it unnecessary to determine whether petitioner waived or procedurally defaulted his claim because the claim lacks substantive merit.

#### 1. Legal Framework

On habeas corpus review of jury instructions, the question is whether the instruction violated some right guaranteed to the defendant by the Fourteenth Amendment or infected the entire trial to the extent that the resulting conviction violates due process. *Cupp v. Naughten*, 414 U.S. 141, 146-147 (1973). "Petitioner must show that the instructions, as a whole, were so infirm that they rendered the entire trial fundamentally unfair." *Murr v. United States*, 200 F.3d 895, 906 (6th Cir. 2000) (citing *Estelle v. McGuire*, 502 U.S. 62, 72 (1991)).

Petitioner was charged with murder. To warrant a conviction for homicide in Michigan, "the death must be the natural and probable consequences of the unlawful act and not the

result of an independent intervening cause in which the accused does not participate and which he cannot foresee." *People v. Clark*, 171 Mich. App. 656, 659 (1988). "The determination of proximate cause or of the existence of an independent intervening cause of death is an issue for the jury." *Id.*

### 2. Application

When instructing petitioner's jury, the trial court stated that the prosecutor had to establish each of the following elements of first degree murder beyond a reasonable doubt:

> "First, that the defendant caused the death of Kenneth Dear; that is, that Kenneth Dear died as a result of a gunshot wound to the chest.
>
> Second, that the defendant intended to kill Kenneth Dear.
>
> Third, that this intent to kill was premeditated, that is, thought about beforehand.
>
> Fourth, that the killing was deliberate, which means that the defendant considered the pros and cons of the killing and thought about and chose his actions before he did it."

(Tr. May 31, 2007, at 724-25.) The trial court repeated the first element quoted above when instructing the jury on second-degree murder. (*Id.* at 725-26.)

Petitioner interprets the first element of the trial court's instruction to mean that, if Kenneth Dear was shot in the chest with a gun, then petitioner must have been the shooter. Since it was undisputed that Dear died as a result of a gunshot wound to the chest, petitioner argues that the trial court's instruction essentially declared him guilty of shooting Dear.

The Court disagrees. The disputed jury instruction did not declare, or even insinuate, that petitioner was guilty of shooting Kenneth Dear. Instead, the instruction adequately conveyed the causation element by explaining that, to prove first-degree murder, the prosecutor had to show

that Dear died as a result of petitioner shooting Dear and not as a result of some intervening cause. As explained by the Michigan Court of Appeals:

> "When this instruction is read as a whole and in the light of the trial court's other instructions, it is clear that the jury had to find that Dear died of a gunshot to the chest and that defendant fired the shot. The second half of the instruction clarified the manner of Dear's death as a gunshot wound, which was the only manner of death at issue in this case. It did not negate the causation element required under the first half. Furthermore, it is unreasonable to conclude that the jury deliberated with the perception that defendant bore some kind of strict liability if Dear died from a gunshot, regardless of defendant's culpability in the shooting. The trial court instructed the jury that it must find that 'defendant intended to kill Kenneth Dear,' and that it 'may infer that defendant intended to kill if he used a dangerous weapon in a way that was likely to cause death.'"

*Casper*, 2009 WL 131700, at *2.

Pursuant to the aforesaid reasons, the Court concludes that the disputed jury instruction did not deprive petitioner of a fundamentally fair trial. Thus, petitioner is not entitled to habeas relief on the basis of his jury instruction claim. To the extent petitioner has alleged an independent claim about trial counsel's failure to object to the jury instruction on murder, his claim lacks merit because the instruction was proper, and a curative instruction would have been futile. An attorney is not ineffective for failing to make a futile or meritless argument. *Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000); *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).

### B. Legal Sufficiency of the Evidence

Petitioner's second and final habeas claim alleges that the evidence adduced at trial was legally insufficient to support his conviction. Notwithstanding his claim of innocence, petitioner maintains that the prosecutor did not prove that the murder was premeditated and

deliberated beyond a reasonable doubt. At most, petitioner alleges that the evidence established that the homicide occurred during a sudden affray and resulted from a sudden impulse.

### 1. Clearly Established Federal Law

The Michigan Court of Appeals determined that the prosecution produced substantial evidence from which the jury could infer that petitioner deliberately shot Kenneth Dear and premeditated the killing. The relevant question on habeas corpus review of a legal sufficiency claim "is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (internal citation omitted) (emphasis in original).

> "*Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, 'it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury.' *Cavazos v. Smith,* 565 U.S. 1, ––––, 132 S. Ct. 2, 4, 181 L.Ed.2d 311 (2011) *(per curiam)*. And second, on habeas review, 'a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was objectively unreasonable.' *Ibid.* (quoting *Renico v. Lett,* 559 U.S. ––––, ––––, 130 S. Ct. 1855, 1862, 176 L. Ed. 2d 678 (2010))."

*Coleman v. Johnson*, 566 U.S. __, __, 132 S. Ct. 2060, 2062 (2012) (*per curiam*); *see Nali v. Phillips*, 681 F.3d 837, 841 (6th Cir. 2012) (explaining that the *Jackson* standard "requires deference to the jury's verdict and to the state court's review of that verdict").

Courts must apply the *Jackson* standard "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324, n.16. In Michigan, the elements of premeditated murder are that the defendant killed the victim and that the

killing was "willful, deliberate, and premeditated." *People v. Bowman*, 254 Mich. App. 142, 151 (2002) (quoting Mich. Comp. Laws § 750.316(1)(a)). "To premeditate is to think about beforehand; to deliberate is to measure and evaluate the major facets of a choice or problem." *People v. Morrin*, 31 Mich. App. 301, 329 (1971) (internal and end footnotes omitted). "While the minimum time necessary to exercise this process is incapable of exact determination, the interval between initial thought and ultimate action should be long enough to afford a reasonable man time to subject the nature of his response to a 'second look.'" *Id.* at 330.

### 2. Application

The prosecution marshaled ample evidence that petitioner shot Kenneth Dear. Cierra Collins testified that a girl named Pepsi passed a gun to petitioner and that petitioner put the gun in the sleeve of his coat. Petitioner then started fighting with Kenneth Dear and Dear was shot. (Tr. May 29, 2007, at 487-90.) Jovan Winbush testified similarly. He stated that petitioner acquired a gun from Pepsi and then walked toward Kenneth Dear. Petitioner had the gun in his sleeve; he extended his right arm and shot Dear. (*Id.* at 515-19, 522.) Nathanial Phillips did not see the gun, but he, too, testified that petitioner shot Dear. (Tr. May 23, 2007, at 250, 262.) And Joshua Beckford informed the police that he knew petitioner was the shooter because petitioner was directly in front of Dear and the gun smoke caused by the shooting. (Tr. May 29, 2007, at 542). The testimony of these witnesses provided sufficient evidence to establish that petitioner shot the victim.

The remaining question is whether there was sufficient evidence of premeditation and deliberation. These elements may be inferred from the circumstances and established by evidence of "(1) the prior relationship of the parties; (2) the defendant's actions before the killing;

(3) the circumstances of the killing itself; and (4) the defendant's conduct after the homicide."

*People v. Schollaert*, 194 Mich. App. 158, 170 (1992). The Michigan Court of Appeals summarized the evidence as follows:

> "Testimony established that defendant and [Kenneth] Dear had a prior antagonistic relationship. Defendant and Dear were in rival gangs, and the two groups had fought in the past. There was also evidence that defendant personally did not like Dear because Dear was dating one of defendant's former girlfriends. In addition, a couple of days before the fight, defendant told friends that he was planning to fight Dear on the day of the shooting.
>
> There was also testimony that, before any fighting began, defendant was staring at Dear. After a first fight between the rival gangs, someone passed defendant a gun, and then defendant approached Dear, which started the second fight. Testimony established that neither Dear nor defendant were involved in the first fight, and when defendant approached Dear, no words were exchanged . . . . Further, although Dear stopped defendant's approach and threw at least one punch, defendant had the presence to step back and shoot . . . .
>
> In addition, there was testimony that no one saw the gun in defendant's hand at the time of the shooting because defendant had the gun positioned up his sleeve concealing it from the crowd . . . . Finally, after the shooting defendant gave his clothing to a friend and told this friend that if he was contacted to pretend he did not know defendant."

*Casper*, 2009 WL 131700, at *3.

The record supports this summary of the evidence and the state court's conclusion that there was sufficient evidence of premeditation and deliberation. A prior antagonistic relationship between petitioner and Kenneth Dear was established through Kenneth Artist's testimony that petitioner and Dear did not get along (Tr. May 24, 2007, at 460). Furthermore, Joshua Beckford stated that petitioner disliked the victim because Dear previously had a relationship with one of petitioner's girlfriends. (Tr. May 29, 2007, at 528-29.). The defendant's actions before

the killing also suggest that the killing was deliberate and premeditated. He informed a friend a few days before the shooting that he intended to fight Dear on Sunday. (*Id*. at 551.) The trial court, moreover, instructed the jurors that "[p]remeditation and deliberation may be inferred from any action of the defendant which show[s] planning . . . ." (Tr. May 31, 2007, at 726.)

The circumstances of the killing also indicate that the killing was deliberate and premeditated. Petitioner obtained a gun from someone, concealed the gun in his sleeve, and then walked toward Kenneth Dear and shot him in the chest. The act of obtaining a gun, concealing it, and then walking toward Dear provided petitioner with enough time to take a second look at his actions. Finally, petitioner's conduct after the shooting supports a finding of premeditation and deliberation. Petitioner promptly left the skating rink, handed his clothes to a friend, and later attempted to prevent the friend from admitting that he knew petitioner.

Upon reviewing the record, the Court finds that a rational juror could have concluded from the evidence taken in a light most favorable to the prosecution that petitioner was the shooter and that the shooting was premeditated and deliberate. Consequently, the state court's conclusion regarding the sufficiency of the evidence was objectively reasonable and petitioner has no right to habeas relief on the basis of his second claim.

## IV. CONCLUSION AND ORDER

The state appellate court's adjudication of petitioner's claims was not contrary to clearly established federal law, an unreasonable application of federal law or an unreasonable determination of the facts. Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER ORDERED that petitioner may proceed *in forma pauperis* on appeal because he was granted *in forma pauperis* relief in this Court pursuant to Fed. R. App. P. 24(a)(3).

                                        S/Bernard A. Friedman_____
                                        BERNARD A. FRIEDMAN
                                        SENIOR UNITED STATES DISTRICT JUDGE

Dated: \_August 30, 2012
       Detroit, Michigan

11